White, J.
delivered the following opinion of the Court: —
*358 Lewis filed this bill to be relieved against a judgment recovered by Flynn for the use of Cooper. The ground upon which relief is sought is a want of consideration for the bond. The substance of the case appears from the bill, answer, and proof, to be that Lewis sold to one M’Adam a negro girl named Dilce, and that he executed to M’Adam a bill of sale in which he covenanted to warrant the title to the negro. Dilce, after this sale, had several children, and amongst them one called Jane, who came by sale into the hands of Cooper. An action of detinue was commenced in North Carolina against Cooper, and in that action Jane was recovered, and her price estimated at five hundred dollars. After this recovery Cooper brought a transcript of the record to Tennessee and showed it to Lewis, who, after some conversation, proposed that if Cooper would wait eighteen months for the money he- would pay him the amount of the recovery, to which proposition Cooper acceded, and the obligation was taken.
Upon this statement it has been insisted for the complainant that there was no consideration for the bond; that he was not liable for the value of' Jane, as there was no covenant that he would warrant the title of the increase of Dilce; and that at the time he executed this obligation he believed he could be made liable. He was, therefore, it is said, mistaken in point of law, and ought to be relieved ; and in support of this doctrine the counsel hat? cited 1 T. R. 285 ; 3 T. R. 761; 2 Bl. Rep. 824 ; 3 Bac. Abr. tit. Heir and Ancestor, H.; 2 Com. Dig. tit. Chy. 4 D. 7; 1 Vern. 31; 1 Ves. 126.
Take the law as to the liability of the complainant to be as his counsel has insisted, although upon that point we give no opinion, still we believe he is not entitled to a decree. Because, this was a matter which the parties had a right to compromise for themselves ; there was nothing illegal in it; nor is there an intimation that any artifice whatever was practised upon Lewis. If we undertake to set aside agreements which were designed to stop litigation, merely because one party mistook the law, we establish a principle by which all such agreements may be destroyed. It must invariably happen that one of the parties to a compromise was mistaken in the law ; and upon this discovery, if the agreement is to be annulled, it will be a fruitful source of litigation in this Court. At the time of a compromise, with the information society then possessed, it might be the opinion of all that, according to the terms of the compromise, the party undertook to pay no more than the law compelled him to pay without the compromise. But, a few years afterwards, new light is shed upon the subject; the law is understood differently, and then the agreement must be rescinded. In a still more enlightened period legal opinions re-change, and the law is understood certainly to be as it was originally understood ; and then ought we to review the cause and hold the party to the agreement ?
To this absurd and ruinous consequence would the doctrine advanced by the counsel for the complainant lead.
*359 • Again, the agreement ought not to be annulled unless we could place the parties in statu quo. Cooper, save for this agreement, might have been satisfied by his vendor. The .compromise with Lewis prevented any exertions against others in the mean time. By a lapse of five or six years the chance of recovery may be entirely lost; in most cases it is, at all events, much lessened.
The bill must therefore be dismissed. 1 Johns. 331; 1 Atk. 10 ; 1 Ves. 4; 2 Ves. 284, 125 ; 2 P. Wms. 290.